IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GEORGE W. JONES,

    Petitioner,

v.

TIMOTHY BRUNSMAN, WARDEN,

    Respondent.

CASE NO. 2:09-cv-1035
JUDGE WATSON
MAGISTRATE JUDGE KEMP

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court pursuant to its own motion to consider the sufficiency of the petition under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

## PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> Delando Turner testified that he took appellant to the Greenbrier Apartments to meet Travis Williams for the purpose of appellant buying drugs. Turner knew that Williams had drugs and he brought the two men together. Turner testified that, although he was not close enough to hear exactly what appellant and Williams were discussing and he was not close enough to see what passed between their hands, Turner testified that appellant reached into his pouch, pulled out a

1

> gun and shot Williams. After the shot was fired, Turner saw appellant bent over Williams' body. Thereafter, appellant left the scene.
>
> The state also presented the testimony of Regina Hale and Darryl Hinton who observed a man bent over the body of Williams. They testified further that it appeared that the man bent over Williams' body was going through his pockets.

*State v. Jones*, 1994 WL 714478 (Ohio App. 10th Dist. December 22, 1994).

> Appellant, George Willis Jones, was indicted for aggravated murder with a death penalty specification and a related count of aggravated robbery. A second indictment charged appellant with aggravated robbery and robbery. The cases were consolidated for trial. Appellant was found guilty on all counts and was sentenced to serve life with the possibility of parole after thirty full years, concurrent terms of from ten to twenty-five years on the two counts of aggravated robbery, plus two three year terms of actual incarceration for the firearm specifications arising from the two indictments

*Id.* Petitioner filed a timely appeal, in which he asserted the following assignments of error:

> FIRST ASSIGNMENT OF ERROR:
>
> Continuance of the trial date, without the consent of the defendant, in order to continue litigation of a collateral action seeking public records pursuant to R.C. 149.43, denied appellant due process of law and his constitutional and statutory rights to a speedy trial.
>
> SECOND ASSIGNMENT OF ERROR
>
> The court erroneously refused to admit Defense Exhibit E, consisting of a group of similar photos placed in a folder, used to establish that a state's witness who had selected the defendant's photo from an array of photos shown him by the police, could not similarly select a photo of the officer who had taken an offense report from the witness immediately following the incident.

> THIRD ASSIGNMENT OF ERROR
>
> Appellant's conviction of aggravated murder, the attached death penalty specification, and the related underlying offense of aggravated robbery were not supported by the evidence.
>
> FOURTH ASSIGNMENT OF ERROR
>
> The state was erroneously allowed to play for the jury a tape recorded interview of Delando Turner.

On December 22, 1994, the appellate court affirmed the trial court's judgment. *Id*. On May 3, 1995, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Jones*, 72 Ohio St.3d 1421 (1995). On October 2, 1995, the United States Supreme Court denied petitioner's petition for a writ of *certiorari*. *Jones v. Ohio*, 516 U.S. 894 (October 2, 1995).

Petitioner also pursued post conviction relief.

> On May 9, 2008, defendant filed motions to vacate indictment and for a new trial in the common pleas court. Following the state's response to defendant's motion, the court issued a decision and entry on June 16, 2008 denying defendant's motions. Defendant appeals, assigning two errors:
>
> Assignment of Error No. I:
>
> The trial court erred by applying a procedure to deny the motion to vacate a fatally defective indictment.
>
> Assignment of Error No. II:
>
> Defendant's indictment was constitutionally insufficient to charge the offense of robbery and aggravated robbery, therefore the trial court lacked subject matter jurisdiction and the judgment of conviction is void.

*See State v. Jones*, 2008 WL 5196516 (Ohio App. 10th Dist. December 11, 2008). On December

3

11, 2008, the appellate court dismissed petitioner's post conviction petition and motion for a new trial as untimely. *Id.* On April 8, 2009, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Jones*, 121 Ohio St.3d 1442 (2009).

On November 16, 2009, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Petitioner's right to due process has been violated where he has not been legally charged or convicted of a crime, and therefore is being detained illegally.
>
> 2. Petitioner's constitutional and statutory right to due process and a speedy trial were violated by the trial court.
>
> 3. The trial court violated petitioner's right to due process and a fair trial when it refused to admit rebuttal evidence.
>
> 4. Petitioner was denied due process and a fair trial, equal protection of the law and the constitutional right to confront witnesses.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas corpus actions. 28 U.S.C. §2244(d)(1) provides:

> (d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

> seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1),(2).

Here, petitioner's judgment of conviction became final on October 2, 1995, when the United States Supreme Court denied his petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 524-25 (2003); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Because his conviction became final prior to the effective date of the AEDPA, petitioner had until one year after the effective date of the Act, or until April 24, 1997, to file a federal habeas corpus petition. *Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir. 1999). Petitioner's May 9, 2008, motion to vacate indictment and for a new trial did not affect the running of the statute of limitations, since petitioner filed such action long after the statute of limitations had already expired. The tolling provision does not ... 'revive' the limitations

period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003), citing *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y.1998); *Winkfield v. Bagley*, 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same). Petitioner, however, waited until November 10, 2009, to execute the instant habeas corpus petition. Further, he has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004)(citations omitted).

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as time-barred.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the

decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                          /s/ Terence P. Kemp
                                                          United States Magistrate Judge